## PAPIN v. HOWARD.

While the act of Feb. 12, 1839, respecting appeals from Justices' Courts, was in force, no other person than the party aggrieved could make the affidavit—it could not be made by an agent.

Appeal from the St. Louis Court of Common Pleas.

*Manning for Appellant.*

The only question in this case is, whether an affidavit for an appeal from a justices' court, can be legally made by *any other person*, than the one aggrieved; or in other words, can an affidavit for such an appeal be made by an agent?

The appellant holds the affirmative; and offers the following reasons:

1st. The maxim *qui facit per alium facit per se*, applies with equal justice to remedial proceedings; and the saying, *qui facere potest per se, potest facere per alium*, though not an axiom, may be invoked with earnestness in the attainment of redress for grievances at law. The legislature so esteemed them.

Vide Attachment Law of 1835, Rev. Law. p. 76, sec. 2d;
"       "       "       1839, p.
"   Practice at Law, Rev. Law. of 1835, p. 470, sec. 8–9.

2d. Remedial statutes are to receive an equitable inter-

pretation, and may sometimes be enlarged to prevent a fail-
ure of remedy; for *qui hæret in litera hæret in cortice.* 1
Kent. Com. p. 465.

3d. The statutes of 1835 & 39, relating to appeals from jus-
tices' courts, being remedial, should have a liberal construc-
tion, and be construed *in pari materia.* Stat. '39, page —;
1 Kent Com. p. 463; Rev. Law. '35, p. 369, art. 8.

4th. As the last of these statutes is supplementary to the
first, they should be construed as if passed at the same time
and by the same act. 1 Kent Com. p. 462 & 463–4; Rev.
Law of 1835, p. 369, art. 8, sec. 1 & 3; Statutes of '39 p.—.

5th. If such construction as is invited by the two last pro-
positions, be not followed, contradiction and absurdity, if
not injustice, will ensue; for, 1st, If an agent is authorised
to take an *appeal,* and an appeal *cannot* be taken *without* an
*affidavit,* and the *agent* cannot be suffered to make the affi-
davit, then the agent is authorised by the first section of the
act to do that which another section forbids. Rev. Law '35,
p. 369, art. 8, sec. 1 & 3; and idem of '39, p. —. Again,
2dly, If by the 1st section of the act of 1835, an agent is
*authorised* to take an *appeal,* he is *licensed* to do an act which
is not complete *without* its concurrent, and yet if he does
perform the concurrent he vitiates the whole!

6th. Whenever a power is given by statute, every thing
necessary to the making of it effectual or requisite to attain
the end is implied. 1 Kent. Com. 464; vide idem Stat.

7th. The word " agent " used in the Statutes of 1835, had
not the technical character within the meaning of the legis-
lature, but is synonymous to " some other person." Vide
Rev. Law 1835, page 369, art. 8, and secs. 1 & 3; Stat. '40,
p. 102, sec. 4.

8th. The Statute of 1840, comes in time to aid the appel-
lant's construction of the former Statutes of 1835 & '39; if
in fact it does not solve doubts peremptorily. Vide Law of
'40, p. 102, sec. 4.

9th. The construction of the act of 1840, as having ref-
erence to cases then in court, and before commenced,

MAY TERM, would not make it of an retrospective character, since it
1841. would operate only on proceedings to take place after its
passage.

Papin
v.
Howard.

### Darby & Knox for Appellees.

1st. An agent could not legally take an appeal from the justice. See Laws of Mo. of 1839, p. 78, sec. 1. The law above referred to was passed to prevent vexatious appeals, which had become common, and for this purpose required the party to purge his own conscience before an appeal would be allowed.

That the object of the legislature was to compel the principal, in person, to take the appeal, and not enable an agent to do it for his principal, appears not only from the above statute, but from the same book, page 47, sec. 14, article, Forcible Entry & Detainer; when both the principal and agent are both authorised to take an appeal; so also in Rev. Statutes, page 369, sec. 1st.

If, then, the agent had no right to take the appeal, then the court of common pleas did not err in dismissing the appeal, or in ovverruling the motion to reinstate the appeal.

### Opinion of the Court by Napton, Judge.

The appellee sued Papin before a justice of the peace upon an account. The service of the writ was by leaving a copy with a white person of defendant's family above the age of fifteen years. Judgment was rendered by the justice for the plaintiff. An affidavit for an appeal was made by an agent of the defendant, in the usual form, and bond given. When the case came up in the court of common pleas, the appellee moved to dismiss it, because the affidavit for an appeal was not made by the appellant in proper person, but by another, which motion was sustained.

This suit before the justice was instituted in August, 1840; the appeal taken in September of same year. The proceedings are consequently regulated by the act '39.

That act is entitled "An act supplementary to an act entitled an act to establish justices' courts, and regulate proceedings therein," approved March 21, 1835, and provides that,

"Any person aggrieved by any judgment rendered by a justice of the peace shall, before an appeal shall be allowed, make affidavit before the justice before whom such trial is had, that he does not take such appeal for the purpose of vexation or delay, but because he considers himself aggrieved by the judgment of the justice."

This act seems to be unequivocal in its terms, and cannot, I think, admit of but one interpretation. It is true that the act of 1835, to which it was supplementary, allowed appeals to be taken by the party, or some one for him, and required no affidavit; yet this last act which allows an appeal only in case of an affidavit made, must be regarded as repealing so much of the former act as is inconsistent with this provision. The legislature obviously designed that the party aggrieved should purge his conscience; and both the language and spirit of the act forbid the idea that any other than the party aggrieved could make the necessary affidavit.

The act passed at the last session of the legislature, virtually repeals the law of '39, and places the matter as it stood under the act of 1835. Nothing can be inferred from this last act that it was declaratory of the law in force at the time of its passage, but I should rather suppose it was designed to remedy the evils, or supposed evils, of the act of 1839.

The judgment of the circuit court is affirmed.

While the act of Feb. 12, 1839, respecting appeals from justices' courts, was in force, no other person than the party aggrieved could make the affidavit—it could not be made by an agent